IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHACON INVESTMENTS LLC,<br><br>   Plaintiff pro se,<br><br>   v.<br><br>ESTATE OF ROBERTA A.<br>SINCLAIR, TONYA PAUL,<br><br>   Defendants pro se. | CIVIL ACTION FILE<br><br>NO. 1:17-CV-04681-TWT-WEJ |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Defendants pro se, the Estate of Roberta A. Sinclair and Tonya Paul, are facing a dispossessory proceeding in the Magistrate Court of Gwinnett County, Georgia. Defendants seek to remove that case to this Court and have submitted an Application to Proceed in forma pauperis ("IFP") [1] showing that they are unable to pay the removal fee at this time. Accordingly, the Court **GRANTS** the requests to proceed in forma pauperis. However, the Court is compelled to remand any action which has been improperly removed; therefore, the undersigned examines this case to determine if removal is proper. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining

that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

Defendants indicate that they are legal residents of Lilburn, Georgia. (Petition for Removal [1-1] 4.)  In the Petition for Removal, defendant alleges that the state court proceeding violate the U.S. Constitution and possibly other federal laws. (See generally id. [1-1].) Defendants attached to that document a Proceeding Against Tenant Holding Over filed in the Magistrate Court of Gwinnett County. (Id. Attach.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking.  Nat'l Parks Conservation Ass'n, 324 F.3d at 1240.

Original jurisdiction arises if there is diversity of parties or a federal question.  28 U.S.C. § 1441(a)-(b).  However, § 1441(b)(2) bars removal on the

2

basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because defendant is a Georgia domiciliary, the Court does not have diversity jurisdiction over this Gwinnett County action.  Likewise, the Dispossessory Proceeding indicates no federal question.  Plaintiff pro se, Chacon Investments LLC, cannot be subjected to federal jurisdiction after having filed for eviction on state law grounds in state court.  Accordingly, because defendants have failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Gwinnett County pursuant to 28 U.S.C. § 1447(c).

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] for the limited

purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 28th day of November, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE